**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF KANSAS**

A.T. and C.T., parents                              )
and next friends of minor J.T.                      )
                                                    )
                    Plaintiffs,                     )
                                                    )
v.                                                  )        Case No.
                                                    )
UNIFIED SCHOOL DISTRICT NO. 497,                    )
Douglas County, State of Kansas,                    )
                                                    )
                    Defendant.                      )
                                                    )

**COMPLAINT FOR ATTORNEYS' FEES AND COSTS**

Plaintiffs A.T. and C.T., parents and next friends of minor J.T., allege as follows:

**INTRODUCTION**

1.     On October 9, 2024, A.T and C.T., as parents and next friends of their minor child J.T., filed a special education due process complaint against Lawrence Public Schools, Unified School District No. 497 (the "District"). The due process complaint alleged various procedural and substantive violations of the Individuals with Disabilities Education Act ("IDEA") regarding J.T.'s 2022-2023 and 2023-2024 school years.

2.     Following discovery and after an unsuccessful mediation, the matter eventually proceeded to a six-day trial from June 23-27, 2025, and a final day of trial on August 12, 2025 before an administrative hearing officer.

3.     The Hearing Officer issued a decision finding mostly in favor of Plaintiffs, on January 26, 2026. The hearing officer found that the District substantively violated the IDEA and deprived J.T. of a free appropriate public education ("FAPE") beginning in J.T.'s 2022-2023 school year and continuing through his withdrawal from the District in August 2024. The hearing

officer awarded plaintiffs relief to remedy the same.

## PARTIES

4. J.T. is a 15-year-old minor citizen of Kansas, now in his freshman year of high school. At all time relevant hereto, J.T. resided with his mother and father in Lawrence, Kansas, within the Lawrence Public Schools' boundaries.

5. A.T. is J.T.'s mother. A.T. is an adult citizen of Kansas, residing in Lawrence, Kansas.

6. C.T. is J.T.'s father. C.T. is an adult citizen of Kansas, residing in Lawrence, Kansas.

7. A.T. and C.T. are husband and wife.

8. A.T. and C.T. filed a motion for leave to proceed anonymously contemporaneously with this Complaint, because they are prosecuting highly sensitive and personal claims involving their minor child and they desire to protect their minor child's identity. *Geico Gen. Ins. Co. v. M.O.*, No. 21-2164-DDC-ADM, 2021 U.S. Dist. LEXIS 192664, at *16, 23-24 (D. Kan. Oct. 4, 2021) (recognizing that courts typically afford heightened protection to parents prosecuting claims on behalf of minor children). Allowing J.T.'s parents to proceed anonymously recognizes that ordering disclosure of their identity could—and certainly would—result in identification of J.T. *Id.* at *24.

9. Defendant Unified School District No. 497, Douglas County, State of Kansas (the "District"), is a public school district located in Douglas County, Kansas commonly referred to as "Lawrence Public Schools" that may be sued in its name pursuant to K.S.A. § 72-1131. The District can be served with process by and through the Board of Education Clerk, Nikki Naumann at 110 McDonald Drive, Lawrence, Kansas 66044.

**JURISDICTION AND VENUE**

10.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3)(A).

11.    The Court has personal jurisdiction over Defendants because they are geographically located in the state of Kansas.

12.    Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(1), (2).

**GENERAL ALLEGATIONS**

13.    The IDEA's purpose is to ensure that "all children with disabilities have available to them a [FAPE] that emphasizes special education and related services designed to meet their unique needs."  20 U.S.C. § 1400(d).

14.    The District is a public local educational agency.

15.    The District is responsible for and obligated to provide special education and related services to District students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and are subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

16.    Among other things, the District was and is required to develop, implement, and revise an IEP calculated to meet J.T.'s specific educational needs. 20 U.S.C. § 1414(d); 34 C.F.R. § 300.306(c)(2).  J.T. qualified for and received some special education from the District under the disability category of a "Specific Learning Disability."

17.    J.T.'s learning disabilities include diagnoses of dyslexia, dysgraphia, and dyscalculia.

18.    J.T. also qualified for special education from the District under the disability

category of "Speech or language impairment."

19.     Plaintiffs filed their due process complaint on October 9, 2024, bringing claims against the District for numerous IDEA violations.  Highly summarized, Plaintiffs alleged Defendants failed to provide J.T. a FAPE in numerous respects (e.g. failed to provide special education services to address agreed executive functioning deficits, failed to implement J.T.'s IEP for an entire school year, etc.) for years, commencing no later than October 2022 and continuing until J.T.'s parents withdrew J.T. from the District in August 2024.

20.     Trial spanned five days in June 2025 and concluded after a sixth trial day convened on August 12, 2025.

21.     Trial involved numerous witnesses and exhibits.  Plaintiffs presented ten witnesses during their case-in-chief and defendant presented three witnesses.  The parties admitted a total of 184 exhibits at trial.

22.     The parties submitted voluminous proposed findings of fact and conclusions of law after trial.  Indeed, plaintiffs' proposed findings and conclusions spanned 158 pages.  Further, the parties submitted closing briefs, responses, and engaged in a final oral argument on January 14, 2026.

23.     The hearing officer issued her decision on January 26, 2026 finding predominately in plaintiffs' favor.  Among other things, the hearing officer found that the District deprived J.T. of a FAPE during his 2022-2023 school year for failing to address his executive functioning deficits.  Further, the hearing officer found that the District deprived J.T. of a FAPE during his 2023-2024 school year because it failed to implement J.T.'s IEP in most respects for the entire school year.  The hearing officer also ruled that the FAPE deprivation

continued into the summer of 2024 "extended school year" period because the District

wrongfully refused to provide J.T. speech services despite a May 2023 evaluation identifying

incredible deficits and need for immediate intervention.

24.     In sum, the hearing officer concluded that defendant committed numerous

procedural and substantive violations of the IDEA and deprived J.T. of a FAPE beginning in his

October 2022 school year and continuing until J.T.'s withdrawal from the District in August

2024.

25.     J.T.'s parents unilaterally privately placed J.T. at Horizon Academy in August

2024 because of the ongoing FAPE deprivation to J.T. by the District.

26.     The hearing officer awarded reimbursement of plaintiffs' expenses for private

placement and compensatory education in the form of reimbursement for private speech services

and payment for private academic tutoring.

27.     The hearing officer held, "Petitioners are the prevailing parties in this matter."

28.     Plaintiffs demanded payment of their attorneys' fees and costs from the District

after the hearing officer's decision in plaintiffs' favor and before initiating this lawsuit.  The

District did not respond, thereby necessitating this lawsuit for a judicial order compelling

payment.

29.     This Complaint seeks to recover attorneys' fees and costs as the prevailing party,

a request which per the IDEA must be made to a court rather than to an administrative hearing

officer.  *See* 20 U.S.C. § 1415(i)(3)(B); K.S.A. §§ 72-3418(e), 72-3430(b)(12).  Additionally,

Plaintiffs seek recovery of attorneys' fees and costs associated with any appeal of the hearing

officer's decision, any appeal of a review officer's decision, any court action related thereto, and

the fees and costs incurred in bringing this action for attorneys' fees and costs.

30.    Plaintiffs file this Complaint for attorneys' fees and costs prior to the deadline to

appeal the hearing officer's decision out of an abundance of caution, as the Tenth Circuit does

not appear to have taken a definitive position concerning the limitation period applicable to a

Kansas IDEA attorneys' fees action, Kansas law does not explicitly provide a limitations period

applicable to the same, and there is a circuit split regarding the proper approach to fill the gap.

*See, e.g.,* K.S.A. 72-3430(b)(12) (providing the right to prevailing party attorney fees "as

provided in the federal law" but not specifying a limitations period); *Bd. of Educ. of Gallup-*

*McKinley Cty. Sch. v. Native Am. Disability Law Ctr.*, 959 F.3d 1011, 1013 (10th Cir. 2020)

(concluding a New Mexico regulation required the filing of a fee petition within 30 days of the

last administrative decision); *King v. Floyd Cnty. Bd. of Educ.*, 228 F.3d 622, 623 (6th Cir. 2000)

(recognizing that IDEA contains no statute of limitations applicable to filing of suits for

attorneys fees, the "circuit split as to the approach that should be followed in filling the gap," and

comparing the varying approaches of the Seventh and Eleventh Circuits ranging from a 30-day

limitations period to a four-year limitations period).

## CLAIM FOR RELIEF FOR ATTORNEYS' FEES AND COSTS

31.    Plaintiffs incorporate by reference the allegations set forth above.

32.    Plaintiffs proved that defendant committed numerous substantive violations of the

IDEA beginning in J.T.'s 2022-2023 school year and continuing until his withdrawal from the

District in August 2024, resulting in a deprivation of a FAPE to J.T.  A true and accurate copy of

the hearing officer's January 26, 2026 decision is attached hereto as Exhibit A, and incorporated

herein by reference.

33.     Moreover, the hearing officer found multiple instances where A.T. and C.T.'s parental right to meaningfully participate in the IEP process was seriously infringed by the District, which constitutes a substantive IDEA violation.

34.     The hearing officer awarded relief to plaintiffs, including reimbursement of almost all costs associated with J.T.'s private placement.

35.     By virtue of succeeding on their claims and obtaining the relief described above and more fully described in the hearing officer's decision attached as Exhibit A, J.T. and his parents are the prevailing party in this matter.  Indeed, the hearing officer made an explicit finding that plaintiffs were the prevailing party.  Exhibit A, at 152.

36.     As the prevailing party, Plaintiffs are therefore entitled to their reasonable attorneys' fees and costs pursuant to the IDEA.  20 U.S.C. 1415(i)(3)(B)(i)(I) and 34 C.F.R. 300.517(a)(1)(i).

37.     Neither the plaintiffs, nor plaintiffs' counsel, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy.

38.     The amount of the attorneys' fees and costs are reasonable and are consistent with the rates in the community for similar services by attorneys of reasonable comparable skill, reputation, and experience.

39.     There are no special circumstances that would render the award of the full request unjust, nor was the time spent and legal services furnished excessive considering the nature of the action or proceeding.  Defendant put forth a vigorous defense of its positions during these proceedings.  The parties exchanged thousands of pages of documents in discovery, and plaintiffs subpoenaed three non-parties.  Further, defendant initially failed to produce all

documents responsive to plaintiffs' discovery requests and attempted to obfuscate discoverable

information in its discovery responses, which required significant time by plaintiffs' counsel to

address and resolve.  The sheer volume of documents required substantial attorney time to

review, evaluate, and identify relevant trial exhibits. Preparing for and participating in a six-day

trial with thirteen witnesses, including multiple remote witnesses, and 184 exhibits compounded

the attorney time required to litigate the lawsuit.

40.     In addition, the complexity of this matter required the time plaintiffs' attorneys

devoted. It was necessary for plaintiffs' counsel to conduct extensive research and analysis of the

law, gather and review numerous records, engage and prepare an expert witness to opine on

various matters, and prepare plaintiffs' case-in-chief that included numerous exhibits and

witnesses.   And after the six-day trial, the Parties collectively submitted approximately 226

pages of post-hearing proposed findings of fact and conclusions of law, and other briefing.

41.     Litigating this matter required at least $123,304.50 in reasonable legal fees and

$2,245.96 in reasonable costs up to and including February 13, 2026.  This does not include fees

and costs accrued after February 13, 2026, such as fees and costs that might accrue related to any

appeals of the hearing officer's decision or the fees and costs for bringing this Complaint.

42.     Plaintiffs request payment of $125,550.46 in legal fees and expenses incurred

through February 13, 2026, and all additional fees and costs incurred after February 13, 2026

related to this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request this Court award them relief as follows:

A.  Judgment against defendant for at least $125,550.46 in reasonable attorneys' fees

    costs;

B.  Judgment against defendant for attorneys' fees and costs incurred in any appeal of

    the hearing officer's decision, a review officer's decision, or a decision of this

    Court;

C.  Judgment against defendant for attorneys' fees and costs incurred in bringing this

    action for attorneys' fees and costs;

D.  Pre- and post-judgment interest to the extent allowed by law;

E.  Such other and further relief and the Court deems just and equitable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

BARBER EMERSON, L.C.

By /s/ Matthew J. Rogers
    Matthew J. Rogers - #27667
    1211 Massachusetts Street
    Lawrence, KS 66044
    Tele:  (785) 843-6600
    Fax: (785) 843-8405
    mrogers@barberemerson.com
    *Attorneys for Plaintiffs*