## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **A. T. and C. T.,** *parents and next friend of minor J.T.,*     ) <br><br> ) <br><br> **Plaintiffs,**     ) <br><br> ) <br> **v.**     ) <br><br> ) <br> **USD 497, DOUGLAS COUNTY, KANSAS,**     ) <br><br> ) <br> **Defendant.**     ) <br> ———————————————————) | **Case No. 26-2097-EFM-GEB** |

## MEMORANDUM AND ORDER

The adult plaintiffs in this action filed the Complaint under the pseudonym "A. T." and "C. T." asserting claims as parents and next friends of their minor child, identified as "J. T." against Unified School District No. 497, Douglas County, Kansas. Plaintiffs filed their Motion to Use Pseudonyms (ECF No. 3) ("Motion"). A Summons Returned Executed has been filed. Defendant's deadline to file a responsive pleading was March 19, 2026. Defendant failed to either file an answer or other responsive pleading or seek an extension of time to do so. Plaintiffs filed an Application for Clerks Entry of Default on March 23, 2026 and a Clerks Entry of Default was entered on March 30, 2026. The Court finds no written response is necessary and is prepared to decide the Motion. For the reasons set forth below, Plaintiffs' Motion **(ECF No. 3)** is **GRANTED**.

1

## I.    Background[1]

Plaintiffs bring this action for attorneys' fees and costs under the Individuals with Disabilities Education Act ("IDEA") as parents and next friends of their child J. T. Plaintiffs filed a special education due process complaint against Defendant alleging violation of the IDEA regarding the 2022-2023 and 2023-2024 school years. The matter proceeding to trial before an administrative hearing officer who found the District substantively violated the IDEA and deprived J. T. of a free appropriate public education beginning in J. T.'s 2022-2023 school year and continuing through his withdrawal from the district in August 2024. Plaintiffs were awarded reimbursement of their expenses for private placement of J. T., private speech services, and payment for private academic tutoring. Plaintiffs filed this action to recover their attorneys' fees and costs which must be made to a court rather than an administrative hearing officer.

Issues including J. T.'s mental health, academic abilities and deficits, and risk of suicide were involved in the administrative process which the current action for fees and costs is based. At all relevant times, and as of the date of Plaintiffs' Motion, J. T. is a minor.

## II.    Plaintiffs' Motion to Use Pseudonyms

Plaintiffs A. T. and C. T. seek leave to use pseudonyms in this action. They allege the case concerns the sensitive and private mental health history, academic abilities and

---

[1] The information in this section is taken from the Complaint for Attorneys' Fees and Costs (ECF No. 1) and from Plaintiff's Motion (ECF No. 3). This background information should not be construed as judicial findings or factual determinations unless specifically stated.

disabilities, and risk of suicide at times of their minor child, J. T. They allege disclosure of their names would have the impact of revealing J. T.

### A.    Legal Standard

Fed. R. Civ. P. 5.2(a)(3) permits the identification of minor parties by their initials, but does not provide the same for an adult party. An adult party must request to proceed by the use of a pseudonym. "Because the federal rules of civil procedure do not 'contemplate the anonymity of parties,'[4] proceeding by use of a pseudonym in federal court is 'an unusual procedure.'"[2] Even so, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously.[3] The Tenth Circuit has identified three exceptional circumstances in which Plaintiffs may party may proceed anonymously: 1)  matters of a highly sensitive and personal nature, 2) real danger of physical harm, or 3) where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.[4]

Whether a party may proceed anonymously is within the sound discretion of the Court.[5] In exercising that discretion, "it is proper to weigh the public interest in determining whether some form of anonymity is warranted."[6] The public has an "important interest in access to legal proceedings."[7] The public's interest must be weighed against the party's

---

[2] *M. T. v. Olathe Pub. Sch. USD 233*, No. 17-2710-JAR, 2018 WL 806210, at *2 (D. Kan. Feb. 9, 2018) (internal citations omitted).
[3] Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000).
[4] *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).
[5] *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998).
[6] *Femedeer*, 227 F.3d at 1246 (citing *Zavaras,* 139 F.3d at 802-03 (10th Cir. 1998)).
[7] *Id.* at 1246.

"rights to privacy."[8] "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness."[9]

## B.    Discussion

Plaintiffs identify the highly sensitive and personal nature of the underlying facts raised in the administrative process upon which this action is based. The hearing officer there only referred to Plaintiffs as J. T.'s mother or J. T.'s father and Plaintiffs seek to proceed here without being identified by their full names to protect J. T.'s identity. They argue there is potential danger to J. T. if his identity, mental health, and past suicidality were publicly known. Additionally, Plaintiffs allege if their identity is revealed it would necessarily identify J.T. and the associated danger to J.T. outweighs the general public interest in open litigation. The Court agrees.

First, the Court finds if the identity of A. T. and C. T. is publicly revealed, the identity of J. T. is easily determined. Due to the "inseparable relationship" between J. T. and his parents, "[o]rdering disclosure of the parent's identit[y] would place—in effect—personally identifiable and confidential information about the alleged [mental health issues and past suicidiality] of a minor in the public record.[10]

Second, this case presents a highly sensitive personal issue. The underlying facts

---

[8] *Zavaras*, 139 F.3d at 802 (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).

[9] *Raiser v. Brigham Young University,* 127 Fed.Appx. 409, 411 (10th Cir. 2005) (citing *Zavaras,* 139 F.3d at 803 (10th Cir. 1998)).

[10] *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018).

relate to J. T.'s academic abilities and deficits, mental health issues, and past suicidality. As indicated above, J. T. was a minor and continues to be a minor through the date of Plaintiffs' Motion. "Courts grant heightened protection to child victims and have concluded that complaints involving minors are matters of a highly sensitive and personal nature."[11]

Third, there is the potential of danger to J. T. if their identity becomes publicly known. As indicated above, the allegations include J. T. suffered from mental health issues and faced the danger of suicide in the past. There is a risk that public disclosure of J. T.'s identity might cause mental harm. "Although embarrassment is not enough to overcome the public interest in litigation, the real potential of additional psychological harm…is enough to outweigh the public interest in disclosure."[12]

Fourth, the Court also finds Defendant will not be prejudiced in the defense of this case if Plaintiffs proceeds by pseudonym. J. T. was a student in USD 497. The parties have previously participated in administrative proceedings. The identities of A. T., C. T., and J. T. are known to Defendant.[13] Finding the identification of A. T. and C. T. readily identifies their minor child, J. T.; this case involves allegations of highly sensitive and personal nature about a minor; the identification of J. T. likely results in additional harm; and proceeding anonymously does not prejudice Defendant, in the Court's discretion, it will allow

---

[11] *Id.*

[12] *Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3.

[13] *See Doe v. Smith Ctr. Sch. Dist.*, No. 16-2801-JWL, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) (finding "defendants would not be prejudiced by Doe continuing to proceed under her pseudonym in this matter because they already know her identity.").

Plaintiffs to proceed by pseudonym.

For the reasons set forth above, **IT IS THEREFORE ORDERED** Plaintiffs'

Motion to Use Pseudonyms **(ECF No. 3)** is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 30th day of March, 2026.


<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
U. S. Magistrate Judge

6