**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

A.T. and C.T., parents
and next friends of minor J.T.,

Plaintiffs,

v. Case No. 26-cv-02097-EFM-GEB

UNIFIED SCHOOL DISTRICT NO. 497,
Douglas County, State of Kansas,

Defendant.

**ORDER OF FINAL DEFAULT JUDGMENT & ATTORNEYS' FEES**

This matter comes before the Court on the Motion for Default Judgment and Attorneys' Fees (Doc. 11) and a corresponding Motion to Supplement Plaintiffs' Motion for Default Judgment and Attorneys' Fees (Doc. 14) by plaintiffs A.T. and C.T., parents and next friends of minor J.T. against Defendant Unified School District No. 497, Douglas County, State of Kansas. For the reasons stated herein, the motions are GRANTED.

## I. FACTS

On October 9, 2024, A.T. and C.T., as parents and next friends of their minor child J.T., filed a special education due process complaint against Lawrence Public Schools, Unified School District No. 497 (the "District") alleging multiple violations of the Individuals with Disabilities Education Act. Doc. 1, ¶¶ 1, 19. The matter proceeded to a six-day trial from June 23-27, 2025, and a final day of trial on August 12, 2025 before an administrative hearing officer. The Hearing Officer issued a decision finding mostly in favor of plaintiffs, on January 26, 2026. The hearing officer found that the District substantively violated the IDEA and deprived J.T. of a free appropriate public education ("FAPE") beginning in J.T.'s 2022-2023 school year and continuing through his withdrawal from the District in August 2024. The hearing officer awarded

plaintiffs relief to remedy the same. Doc. 1, ¶¶ 3, 23-26, 32-33. The administrative Hearing Officer awarded plaintiffs reimbursement for private placement expenses and compensatory education, holding that "Petitioners are the prevailing parties in this matter." *Id.* ¶¶ 25-27, 34. As the prevailing party, plaintiffs are therefore entitled to their reasonable attorneys' fees and costs pursuant to the IDEA. 20 U.S.C. 1415(i)(3)(B)(i)(I) and 34 C.F.R. 300.517(a)(1)(i). *Id.* ¶ 36.

Plaintiffs demanded their attorneys' fees and costs from the District prior to initiating this lawsuit, but filed their Complaint after the District did not respond. *Id.* ¶ 28. Plaintiffs seek recovery of their attorneys' fees and costs as the prevailing party, a request which per the IDEA must be made to a court rather than to an administrative hearing officer. *See* 20 U.S.C. § 1415(i)(3)(B); K.S.A. §§ 72-3418(e), 72-3430(b)(12). *Id.* ¶ 29. Additionally, plaintiffs seek recovery of attorneys' fees and costs associated with any appeal of the hearing officer's decision, any appeal of a review officer's decision, any court action related thereto, and the fees and costs incurred in bringing this action for attorneys' fees and costs. *Id.* At the time plaintiffs filed their Complaint, plaintiffs' attorneys fees and costs totaled $125,550.46. *Id.* ¶ 42. According to plaintiffs' motion to supplement, their fees and costs now total $142,767.91. Doc. 14, ¶ 5. Defendant tendered a partial payment of $137,503.30, leaving $5,264.61 in attorneys' fees and costs outstanding. *Id.* ¶¶ 4-5.[1]

## II. STANDARD

Obtaining default judgment is a two-step process: (1) entry of default by the clerk,[2] and

[1] The Court grants plaintiffs' motion to supplement which provides additional information not available to plaintiffs at the time of their initial motion for default judgment and attorneys' fees.

[2] Plaintiffs have already satisfied the first step under Rule 55 by obtaining an entry of default by the clerk against all defendants. Doc. 6.

(2) entry of default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," or by the Court. *Insco Env't v. Pac. Env't Grp., LLC*, No. 23-CV-2164-EFM-GEB, 2024 U.S. Dist. LEXIS 68074, at *5-6 (D. Kan. Apr. 12, 2024) (citing Fed. R. Civ. P. 55). However, the court must first investigate its jurisdiction over the parties. *CTR P'ship, L.P. v. Prairie Ridge Health & Rehab., LLC*, 25-2331-JWB, 2026 U.S. Dist. LEXIS 14701, at *7 (D. Kan. Jan. 27, 2026). Although default judgments are considered harsh and courts favor resolution of disputes on the merits, default judgment may nonetheless be necessary to protect '"the diligent party…[from] interminable delay and continued uncertainty to his rights."' *Rhythm Eng'g, LLC v. Darrel Varni Elec., Inc.*, 24-cv-02463-TC, 2025 U.S. Dist. LEXIS 146630, at *1 (D. Kan. May 23, 2025) (quoting *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)). A default judgment establishes liability, not damages. *Insco Env't, Inc.*, 2024 U.S. Dist. LEXIS 68074, at *6. "[T]he record must reflect the basis for damages, either by affidavit or through a hearing." *Id.* A hearing is not necessary if the amount claimed is a liquidated sum or one capable of mathematical calculation. *CTR P'ship, L.P.*, 2026 U.S. LEXIS 14701, at *7 (citing *Venable v. Haislip,* 721 F.2d 297, 300 (10th Cir. 1983)).

Courts analyze attorneys' fees in an IDEA action by a prevailing party who is a parent of a child with a disability "under the same legal standard as motions for attorneys' fees brought by prevailing parties in civil rights cases under 42 U.S.C. § 1988." *Albuquerque Pub. Sch. Bd. of Educ. v. Cabrera*, No. 20-cv-00531-JCH-LF, 2023 U.S. Dist. LEXIS 174798, at *5-6 (D.N.M. Sept. 27, 2023) (citing *Urban v. Jefferson Cnty. Sch. Dist. R-1*, 89 F.3d 720, 728-29 (10th Cir. 1996). In the normal course, the Court applies a two-step analysis: (1) first, it analyzes whether the movant is the prevailing party, and (2) second, the Court examines the reasonability of plaintiffs' fees using the lodestar analysis, which is "the product of the number of attorney hours reasonable expended and a reasonable hourly rate." *Robinson v. City of Edmond*, 160 F.3d 1275,

1281 (10th Cir. 1988).

## III. ANALYSIS

### A. The Court has Jurisdiction

The Complaint establishes the Court's subject matter jurisdiction. It alleges that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and 20 U.S.C. § 1415(i)(3)(A) which states: "district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy."

The Court has personal jurisdiction. The record reflects that defendant was properly served on February 26, 2026. Doc. 6; Fed. R. Civ. P. 4(j)(2)(B); K.S.A. § 60-304(d)(4); K.S.A. § 60-303(c). Further, defendant school district is a Kansas municipality of which the Court has general personal jurisdiction. *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1300-01 (D. Kan. 2006); *Robinson v. City of Ark. City*, 912 F. Supp. 2d 1045, 1058 (D. Kan. 2012).

### B. Plaintiffs are the Prevailing Party, as Conceded by the Defaulting Defendant

Plaintiffs' allegation that they are the prevailing party must be taken as true. Defendant is deemed to have admitted as true the factual allegations in the complaint because it has failed to answer, plead, or otherwise defend. *CTR P'ship, L.P. v. Prairie Ridge Health & Rehab., L.L.C.*, No. 25-2331-JWB, 2026 U.S. Dist. LEXIS 14701, at *6-7 (D. Kan. Jan. 27, 2026). Plaintiffs explicitly pleaded that they were the prevailing party in the underlying administrative proceeding in paragraph 35 of their Complaint, as follows: "By virtue of succeeding on their claims and obtaining the relief described above and more fully described in the hearing officer's decision attached as Exhibit A, J.T. and his parents are the prevailing party in this matter. Indeed, the hearing officer made an explicit finding that plaintiffs were the prevailing party. Exhibit A, at 152." Doc. 1, ¶ 35; see also *id.* at ¶ 36. Accordingly, defendant concedes that plaintiffs are the

prevailing party. *Zarco v. Book & Ladder, LLC,* No. 24-2091-JWB, 2025 U.S. Dist. LEXIS 256606, at *16 (D. Kan. Dec. 11, 2025) (finding plaintiffs were the prevailing party when granted default judgment on claim with fee-shifting statute); *Salmeron v. D.C.*, 77 F. Supp. 3d 201, 207 (D.D.C. 2015) (finding that a defaulting school admitted allegations in plaintiff's IDEA fee's complaint that they were the prevailing party, effectively conceding the issue) vacated on other grounds, 113 F. Supp. 3d. 263.

Even if this point were not conceded, there is no reasonable dispute that plaintiffs prevailed. The administrative hearing officer found that the District substantively violated the IDEA by failing to provide a Free Appropriate Public Education ("FAPE") to J.T. throughout J.T.'s 6th and 7th grade school years, including the summer following his 7th grade school year. Doc 1-1, at 145-46 (summary of findings). As a result of the ongoing FAPE deprivation, plaintiffs unilaterally withdrew J.T. from the District and placed him at a private school. *Id.* at 90-91. The hearing officer awarded plaintiffs reimbursement of their costs associated with the private school tuition, uniforms, and travel totaling $41,484.12 because the District failed to make a FAPE available to J.T. *Id.* at 134-39. Moreover, the hearing officer awarded plaintiffs reimbursement of $3,717 for speech services and prospective District reimbursement for plaintiffs' expenses relative to academic tutoring for 15 months. *Id.* at 147-152. These findings establish that plaintiffs are the prevailing party. *Systema v. Acad. Sch. Dist. No. 20,* No. 03-cv-2582-RPM, 2009 U.S. Dist. LEXIS 105978, at *18-19 (D. Colo. Oct. 30, 2009); *Pena ex rel. Pena v. Belen Consol Sch.,* No. 04-1352 LFG/RLP, 2006 U.S. Dist. LEXIS 102109, at *20-26 (D.N.M. Jan. 9, 2006); *R.F. v. N.Y.C. Dep't of Educ.*, No. 24-cv-03117-MKV, 2025 U.S. Dist. LEXIS 186049, at *37-39 (S.D.N.Y. Sept. 22, 2025).

### C. Plaintiffs' Fees are Reasonable and Plaintiffs are Entitled to a Full Recovery

#### 1. The Time Expended to Successfully Prosecute the IDEA Claims is Reasonable

**(*Robinson* factors 1-3, 5-6; *Johnson* factors 1-3; KRPC 1.5(a)(1)).**

The Court first examines the party's time records to determine whether they are "meticulous, contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *Fox*, 258 F. Supp. 3d at 1261. Meticulous time records are attached to plaintiffs' counsel's declaration as Exhibits A-1 through A-3. To date, Barber Emerson counsel and support staff have expended 531.74 hours working on this matter, as broken down in the table attached to Mr. Rogers' declaration as Exhibit A-3, and tables attached to Mr. Rogers' second declaration regarding plaintiffs' motion to supplement as Exhibits 1-1 and 1-2. To date, the Barber Emerson law firm has accrued $139,595.00 in reasonable attorneys' fees and $3,172.91 in costs in this non-contingent matter to successfully prosecute the IDEA Lawsuit and this fees action, as broken down in the tables attached to Mr. Rogers' declaration as Exhibit A-3, A-4, and tables attached to his second declaration in plaintiffs' motion to supplement as Exhibits 1-1, 1-2, and 1-3.

The time and expense plaintiffs counsel devoted to successfully prosecute plaintiffs' IDEA claims is reasonable. Plaintiffs' counsel expended approximately 24 hours in written discovery, a process that involved multi-parti interrogatories, a golden rule letter and subsequent meet-and-confer process, as well as production of over 3,000 pages of documents. This is entirely reasonable. Plaintiffs' devotion of approximately 257 hours preparing for and participating in a six-day trial involving twelve fact witnesses, one expert witness, and 184 admitted exhibits is also reasonable. Plaintiffs even took the laboring oar preparing a 635-page joint exhibit for the benefit and use of both parties at trial. And the 89 hours devoted to post-trial matters, including the submission of detailed findings of fact and conclusions of law totaling 158 pages, is also reasonable. Indeed, Mr. Duncan, a Kansas special education attorney, offered testimony that he comparatively billed 325 hours of attorney time prosecuting a separate IDEA

action through the filing of the attorneys' fees complaint, compared to Mr. Rogers' 300.9 hours of attorney time prosecuting this matter through the filing of the attorneys' fees complaint.

Plaintiffs' counsel used good billing judgment when billing plaintiffs for his work and even wrote some attorney and support staff time off associated with the IDEA Lawsuit trial and trial preparation, and did not charge for some staff time for post-hearing oral argument. Notably, plaintiffs staffed their case with primarily one attorney and his support staff. Thus, there are no issues of attorneys duplicating work and, moreover, fees are substantially lower than they otherwise would be had plaintiffs' counsel prosecuted this case with a team of attorneys.

Moreover, plaintiffs took substantial steps to avoid accruing additional fees. For example, plaintiffs' counsel demanded payment of fees and costs before filing this lawsuit, offered to temporarily pause work if defendant timely responded with an intention to pay plaintiffs' fees and costs while this lawsuit was pending, and sought confirmation via email that defendant intended to pay remaining fees and costs after it tendered a partial-payment. Defendant's conduct – both in not defending this lawsuit and dilatory responses to plaintiffs' demand for payment of fees and costs – is the reason plaintiffs' attorneys' fees and costs have increased from $125,550.46 at the time they filed their Complaint, to $142,767.91 now.

In short, the Court finds that the hours plaintiffs' counsel's firm expended efficiently prosecuting a complex IDEA case were reasonable, particularly in light of plaintiffs' resounding success in the IDEA litigation resulting in a Hearing Officer's order substantially in plaintiffs' favor. *Robinson* factors one, two, three, five, and six; *Johnson* factors one, two, and three; and KRPC 1.5(a)(1) all weigh in favor of determining plaintiffs' fees reasonable.

**2. Plaintiffs' Hourly Rates are Reasonable (*Robinson* lodestar; *Johnson* factors 5, 8, 10; KRPC 1.5(a)(3), (7))**

"A reasonable rate is the prevailing market rate in the relevant community." *Malloy v.*

*Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). "The establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area." *Paradigm Alliance, Inc. v. Celeritas Techs., LLC*, No. 07-1121-EFM, 2011 U.S. Dist. LEXIS 7153, at *14 (D. Kan. Jan. 25, 2011).

Plaintiffs' counsel Matthew Rogers has been practicing for almost ten years in civil litigation and has been a partner at the Barber Emerson firm for over three years. Since 2019, Mr. Rogers' practice is devoted primarily to representing plaintiffs in special education, disability discrimination, student discipline, and Title IX matters involving students in Kansas K-12 schools. Mr. Rogers billing rate has adjusted over the pendency of this litigation, from $310 per hour in 2024 to $400 per-hour for federal court litigation in 2026. Plaintiffs' counsel Ms. Levy has been practicing for two and a half years in civil litigation and transactional matters, and has been an associate at the Barber Emerson firm since she began practicing. Ms. Levy's practice varies, but she routinely assists Mr. Rogers with special education and discrimination cases. Ms. Levy's rate has also adjusted over the pendency of this litigation, from $240 in 2024 to $275 in 2026. Plaintiffs' counsel Ms. Lynch is a member of Barber Emerson, L.C. and has been practicing in estate planning and trust and estate administration for over four and half years. Ms. Lynch billed 2.6 hours of time to plaintiffs in 2025, at the rate of $300 per hour.

These rates are reasonable in the community. First, plaintiffs provide the testimony of Mr. Duncan, a Kansas attorney with similar experience and practice as Mr. Rogers whose rates largely align with Mr. Rogers'. Further, plaintiffs direct the Court to analogous cases finding similar rates as reasonable. *E.g. Zarco v. Book & Ladder, LLC*, No. 24-2091-JWB, 2025 U.S. Dist. LEXIS 256606, at *16-18 (D. Kan. Dec. 11, 2025) ($400 for attorney with five- years of experience and $625 for partner practicing for 18 years in Title VII and ADA retaliation); *Ross v. Pentair Flow Techs., LLC*, No. 18-cv-02631-HLT, 2021 U.S. Dist. LEXIS 224544, at *5-6 (D.

Kan. Nov. 22, 2021) ($375 for attorneys practicing for 7.5 years; $126.920.63 in total fees in Section 1981 race discrimination case); *Stuart v. Topeka*, No. 23-cv-02021-TC, 2026 U.S. Dist. LEXIS 33209, at *22, (D. Kan. Feb. 17, 2026) ($350 for attorney with 12 years' experience operating under the direction of more senior counsel at trial, and $150 for paralegal time is reasonable in Title VII failure-to-promote case); *Shaw v. Smith*, No. 19-1343-KHV, 2024 U.S. Dist. LEXIS 67274, at *9-10 (D. Kan. Apr. 12, 2024) ($350 per hour for attorney 11-years post-JD, $400 per hour for attorney 12-years post-JD, and $100-225 for paralegals unchallenged and declared reasonable for Kansas City in Section 1983 Fourth Amendment case).

The foregoing testimony of Mr. Duncan and analogous cases demonstrate that Mr. Rogers', Ms. Levy's, Ms. Lynch's, and paralegal rates are reasonable in the Kansas City community.

**3. Plaintiffs Prevailed on the Majority of Their Claims (*Robinson* factor 4; *Johnson* factor 8; KRPC 1.5(a)(4)).**

The hearing officer found almost entirely in plaintiffs' favor with respect to claims associated with J.T.'s 2023-2024 school year. Plaintiffs' primary claim for J.T.'s 2023-2024 school year was that defendant failed to implement material components of J.T.'s IEP throughout the school year due to understaffing. *See* Doc 1-1, at 2, 9, 49-55, 70-77, 129-132. The hearing officer found in plaintiffs' favor, concluding that this failure deprived J.T. of a FAPE. *Id.* at 129-132. Plaintiffs also brought a claim alleging that defendant wrongfully denied J.T. speech ESY services over the summer of 2024, a substantive IDEA violation. *Id.* at 2, 81-87, 132-34. The hearing officer found in plaintiffs' favor, again concluding that this failure deprived J.T. of a FAPE. *Id.* at 132-34. These findings were the catalyst to the hearing officers' award that defendant reimburse plaintiffs their costs for privately placing totaling $45,201.12. *Id.* at 134-49.

Plaintiffs also asserted claims regarding the adequacy of J.T.'s October 2023 IEP, as

amended during the school year. *Id.* at 2. Some of these "adequacy" claims overlapped with the failure-to-implement claim, in that the award of private school tuition reimbursement springing from the school's failure to implement J.T.'s IEP could also constitute relief for other FAPE deprivations. For example, the hearing officer agreed that J.T.'s October 2022 and October 2023 IEPs failed to confer a FAPE because they did not address J.T.'s executive functioning deficits. *Id.* at 33, 110-12, 124. But the hearing officer found that the private institution, Horizon Academy, adequately addressed J.T.'s executive functioning educational losses. *Id.* at 135-36, 146-47. Although plaintiffs did not prevail regarding the adequacy of J.T.'s IEP with respect to reading and social-emotional, J.T. nonetheless obtained academic tutoring relief from the hearing officer in the areas of reading, writing, speech, and math because (a) defendant materially failed to implement the IEP provisions in those areas, and (b) plaintiffs prevailed with respect to their additional FAPE deprivation claims during J.T.'s 2023-2024 school year associated with defendant's failure to adequately address J.T.'s writing and math deficits. *Id.* at 121-29, 147-52.

Plaintiffs also alleged J.T.'s October 2022 IEP failed to confer a FAPE and thus substantively deprived J.T. of a FAPE because it failed to adequately address his deficits in reading, social-emotional, math, writing, and executive functioning. *Id.* at 2. The hearing officer agreed that the IEP failed to confer a FAPE because it failed to adequately address J.T.'s executive functioning deficits, but not with respect to the other alleged inadequacies. *Id.* at 107-120. At the end of the day, the hearing officer awarded plaintiffs relief for defendant's FAPE deprivation occurring during J.T.'s 2022-2023 and/or 2023-2024 school year in most areas that plaintiffs' complaint raised (i.e. math, reading, writing, speech). *Id.* at 2, 151-52.

In short, plaintiffs brought four claims, obtained judgment entirely in their favor on two claims, and judgment partially in their favor on the remaining two claims – resulting in findings that the District deprived J.T. of a FAPE for both his sixth and seventh grade school years. On

this record, the Court has no trouble awarding all of plaintiffs' fees and costs, even if they did not prevail on every claim and obtain all of their requested relief. *R.M.-G v. Bd. of Educ.*, 645 Fed. Appx. 672, 676 (10th Cir. 2016) ("Where the parent 'has obtained excellent results, [the] attorney should recover a full compensatory fee,' and there should be no reduction in the award 'simply because [the parent] failed to prevail on every contention.'").

*Robinson* factor four – and thus all the *Robinson* factors—and *Johnson* factor eight weigh in favor of determining plaintiffs' fees reasonable.

**4. All Other Applicable Factors Weigh in Plaintiffs' Favor (*Johnson* factors 4, 6; KRPC 1.5(a)(2), (8))**[3]

Plaintiffs do not request an upward adjustment of their fees and costs. Rather, plaintiffs simply seek an award of their actual fees and costs. This is not a contingency-fee case and, at the time plaintiffs filed their motion for default judgment and attorneys' fees, plaintiffs themselves would have borne the financial brunt of an award less than their actual attorneys' fees and costs.

The remaining applicable *Johnson* factors weigh in plaintiffs' favor. Plaintiffs' counsel declined one time-sensitive special education case that a prospective client requested assistance with on June 27, 2025, due to the ongoing trial in this matter. Accordingly, plaintiffs' counsel was precluded from employment on that matter so he could litigate this matter for plaintiffs, and *Johnson* factor four weighs in favor of a complete award.

All applicable *Johnson*, *Robinson*, and KRPC factors weigh in plaintiffs' favor, and the Court therefore finds that plaintiffs' attorneys' fees and costs are reasonable and plaintiffs are entitled to complete recovery of their requested fees and costs.

**D. Plaintiffs Are Entitled to an Award for This Lawsuit as Fees-For-Fees**

[3] *Johnson* factors 10-11 and KRPC 1.5(a)(5), (6) appear inapplicable and neutral, as plaintiffs concede.

Fees-for-fees are also available in an IDEA case for counsel's efforts to obtain fees for prevailing in the administrative case. *R.M.-G v. Bd. of Educ.*, 645 Fed. Appx. 672, 677 (10th Cir. 2016). Plaintiffs made every effort to obtain recovery of their IDEA Lawsuit fees and costs without accruing more fees. Defendant's refusal to pay before plaintiffs filed this lawsuit, failure to respond to correspondence regarding fees, and failure to defend this lawsuit are the reason plaintiffs are now requesting fees-for-fees – just as they warned defendant before filing. The Court finds that plaintiffs are entitled to their attorneys' fees and costs to obtain fees after prevailing in the IDEA Litigation.

**E. Plaintiffs are Entitled to an Award for Their Litigation Expenses**

The Court also awards plaintiffs their litigation expenses totaling $3,172.91 summarized in Exhibits A-4 and 1-3, associated with the IDEA Lawsuit. *See Miller v. Bd. of Educ.*, 565 F.3d 1232, 1247-48 (10th Cir. 2009) (affirming trial court award of fees and costs); *Zarco*, 2025 U.S. Dist. LEXIS 256606 (noting that "Courts typically permit prevailing parties to recover reasonable expenses that are usually itemized and billed separately" in a non-IDEA case); *R.S. v. Bd. of Dirs. Of Woods Charter Sch. Co.*, No. 16-cv-119, 2021 U.S. Dist. LEXIS 119264, at ( M.D.N.C. June 25, 2021) (awarding expenses to prevailing parents in IDEA lawsuit, and holding comments seemingly limiting IDEA expenses in *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291 (2006) were dicta).

**F. Default Judgement Is Warranted, Without Notice or Hearing**

In sum, the Court finds that default judgment is warranted for all of plaintiffs' reasonable attorneys' fees and costs totaling $142,767.91 less defendant's partial payment of $137,503.30, thereby resulting in default judgement in plaintiffs' favor in the amount of $5,264.61. The Court finds that notice to defendant of plaintiffs' application for default judgment is not required because defendant has not appeared personally or by representative. Fed. R. Civ. P. 55(b)(2).

Furthermore, a hearing is not required because the award of attorneys' fees and costs is for a sum certain and/or a sum that is made certain by the computations reflected in this Order.

## IV. CONCLUSION

THEREFORE, plaintiffs' motion for default judgment and attorneys' fees, Doc. 11, and plaintiffs' corresponding motion to supplement their motion for default judgment and attorneys' fees, Doc. 14, are GRANTED. It is hereby ORDERED, ADJUDGED, and DECREED that plaintiffs have judgment against Defendant for the following:

1. Attorneys' fees and costs in the amount of $5,264.61
2. Post-judgment interest from and after the date of judgment accruing pursuant to 28 U.S.C. § 1961;

THIS IS A FINAL AND APPEALABLE JUDGMENT, THERE BEING NO JUST CAUSE OF DELAY IN ITS ENTRY.

Dated: May 22, 2026

UNITED STATES DISTRICT JUDGE
DISTRICT OF KANSAS

Prepared and Submitted by:

BARBER EMERSON, L.C.

By s/ Matthew J. Rogers
Matthew J. Rogers - #27667
1211 Massachusetts Street
Lawrence, KS 66044
Tele: (785) 843-6600
Fax: (785) 843-8405
mrogers@barberemerson.com
*Attorneys for Plaintiffs*